THOMPSON *against* LOCKWOOD.

*Where a she-riff voluntarily permits a de-fendant in exe-cution to es-cape he cannot arrest or detain him, unless the execution is-sues a new pro-cess; nor can he retain him on his surren-der, unless the plaintiff in the execution does some act show-ing his election to hold him on the old process. If the sheriff arrest the de-fendant again on the same execution, and take from him a bond for the gaol liberties, jointly and se-verally with a-nother person, as his surety, such bond is void for duress, not only as to the defendant, but, also, as to the surety. One obligee cannot plead that the bond was obtained of his co-obligee by duress. But this rule does not apply to a bond taken by a sheriff from a defend-ant whom he has no right to detain in custo-dy; and the co-obligee or surety may avail himself of the defence of duress, in a se-veral action against him.*

IN ERROR, to the court of common pleas of the county of *Orange.*

The defendant in error, who was sheriff of the county of *Orange,* brought an action in the court below, against the plaintiff in error, as surety in a bond for the gaol liberties.

At the trial, in the *September* term, 1817, of the court be-low, the plaintiff below gave in evidence a bond executed to him, as sheriff, by *William Lawrence* and the defendant be-low, dated *May* 27th, 1816, by which they bound themselves, jointly and severally, in the sum of 424 dollars, and 34 cents, with condition that *Lawrence* being in custody by virtue of two writs of *capias ad satisfaciendum,* should remain a true and faithful prisoner, and should not escape or go without the limits, &c. The writs of *ca. sa.* mentioned in the condi-tion of the bond, and the departure of *Lawrence* from the limits, were admitted on the part of the defendant below.

The counsel for the defendant then offered in evidence, under the notice annexed to his plea, in bar of the action, that previous to the execution of the bond, *Lawrence* had been twice arrested by *Van Duzer,* one of the deputies of the plaintiff below, by virtue of the two executions before mentioned; that previous to the third arrest and imprison-ment of *Lawrence,* on the day of the date of the bond, he had been twice voluntarily discharged, and permitted to es-cape, by *Van Duzer,* who had received a compensation for such discharge and permission. The court ruled that the evi-dence was insufficient to bar the action, and the jury there-upon found a verdict for the plaintiff below. The defend-ant tendered a bill of exceptions to the opinion of the court below, which was removed into this court by writ of error.

*W. A. Duer,* for the plaintiff in error, contended, that the arrest and discharge from imprisonment amounted to a satis-faction of the debt. A voluntary discharge by the sheriff was, as it respects him, a payment; and his power to arrest was

was at an end. He could not maintain an action against the prisoner, to recover the money. Although a discharge of the defendant, without the authority or consent of the plaintiff, may not bind him, yet even the plaintiff would be obliged to sue out a new writ, on the ground that the former *ca. sa.* was a nullity, or had not been returned. It is against all legal reason, that one writ can be twice operative, and produce the same effect. By the first arrest, the writ has been obeyed, and has performed its proper function; and after a voluntary discharge, the sheriff cannot arrest a second time. If he does so, he is liable to an action for false imprisonment. The authorities are explicit and conclusive. (*Lansing* v. *Fleet*, 2 *Johns. Cas.* 3. *Holmes* v. *Lansing*, 3 *Johns. Cas.* 73. *Palmer* v. *Hatch*, 9 *Johns. Rep.* 329. *Atkinson* v. *Matteson*, 2 *Term Rep.* 172. per *Grose*, J. *Atkinson* v. *Jameson*, 5 *Term Rep.* 25. *Barnes*, 373. *Tillman* v. *Lansing*, 4 *Johns. Rep.* 45. per *Thompson*, J. *Clarke* v. *Clement*, 6 *Term Rep.* 525. *Tanner* v. *Hague*, 7 *Term Rep.* 420. *Vigers* v. *Aldrich*, 4 *Burr.* 2482. *Jacques* v. *Withy*, 1 *Term Rep.* 557. *Wheeler* v. *Bailey*, 13 *Johns. Rep.* 366. *Yates* v. *Van Rensselaer*, 5 *Johns. Rep.* 364. *Barnes*, 205. *Blackburn* v. *Stupart*, 2 *East*, 243.)

If, then, the sheriff, after a voluntary escape, cannot make a second arrest, there is an end to the question. The bond is void. The sheriff cannot, *colore officii*, take a bond for security for a debt, for which he has already received satisfaction. He cannot in this suit obtain, indirectly, what the law would not allow him to recover directly from the prisoner. As the sheriff must, as preliminary proof to his action, produce the writ under which he acted, the defendant below may show, by way of defence, that the debt was satisfied, and the sheriff fraudulently exacted the bond.

*Betts*, contra. The sheriff had the assent of the defendant in the execution to the arrest. He was a party to the bond given for the liberties, and having executed it, with a knowledge of his rights, he must be bound by it. (*Ackly* v. *Hoskins*, 14 *Johns. Rep.* 374. 376.) The bond is taken for

NEW-YORK,
May, 1818.

THOMPSON
v.
LOCKWOOD.

NEW-YORK, the indemnity of the sheriff, and to save him harmless. (*Bar-*
May, 1818.    *ry* v. *Mandell*, 10 *Johns. Rep.* 563.    *Tillman* v. *Lansing*,
THOMPSON    4 *Johns. Rep.* 45.  *M'Elroy* v. *Mancius*, 13 *Johns. Rep.* 121.)
v.            Is not the surety equally bound? Can he avail himself of
LOCKWOOD;     the circumstance of the prior voluntary escape? It is suffi-
cient that he executed the bond voluntarily, and for a good
consideration.    The deed imports a sufficient consideration,
and is binding, unless shown to be illegal and void.    The
surety cannot urge that his principal was exempted from the
arrest, for he might waive that exemption. (*Leal* v. *Wigram*,
12 *Johns. Rep.* 88.)    Admitting that *Lawrence* might avoid
the bond for duress; yet the surety in a bond cannot avail
himself of such a ground of defence. (*Huscombe* v. *Stand-
ing, Cro. James*, 187.    5 *Comyn's Dig.* 644.    Plead. (2 W.
19.) )

SPENCER, J. delivered the opinion of the court.    This is
a writ of error to the common pleas of *Orange* county.    The
defendant here, who was plaintiff below, sued on a joint and
several bond, entered into by the plaintiff in error and *Wil-
liam Lawrence*, to the defendant, as sheriff of the county of
*Orange*, conditioned that *Lawrence* would remain a true
and faithful prisoner on two writs of *ca. sa.* issued out of the
common pleas of *Orange*, and not escape or go without the
limits of the gaol liberties of that county.

We are to intend from the bill of exceptions that the
plaintiff below proved every thing necessary to entitle him
to recover; the bill of exceptions having been tendered to
the opinion of the court in overruling the defence set up at
the trial.

Under a notice to the plea, it was offered to be proved,
that *Lawrence* had been twice arrested by a deputy of the
sheriff, on the same executions, and had been twice volunta-
rily discharged and permitted to escape by such deputy, to
whom compensation had been made for such permissions to
escape before the arrest on the same process, and under
which the bond was given; this evidence being objected to
was overruled.

The principle now insisted on is, that it was not compe-
tent to the sheriff to re-imprison *Lawrence*, after his deputy

had permitted him to escape; and that the bond exacted from *Lawrence* on the third arrest, after his voluntary escape, was taken illegally, and is void.

The case does not show any act of the plaintiff in the executions affirming the arrest of *Lawrence* under them; it cannot then be distinguished from the case of *Lansing* v. *Fleet*, (2 *Johns. Cas.* 2.) That case was well considered and very ably discussed, and it settles the point, that after a voluntary escape, the sheriff cannot lawfully retake or detain a prisoner, unless the plaintiff in the execution shall issue a new process ; nor can he detain on the surrender of the prisoner himself, unless the plaintiff in the execution does some act showing his election to hold him on the old process. It is useless to review the cases cited in that case, as they are extremely well examined.

The next point is, whether if the bond is void as to *Lawrence* on account of duress, *Thompson* can set up that defence. It is clearly settled, that where a person is illegally restrained of his liberty, and, whilst under such restraint, enters into any obligation to the person causing the restraint, it is avoidable for duress of imprisonment. (*Co. Litt.* 253. *Jenk.* 166. 2 *Inst.* 482.)

But it is answered that this bond being joint and several, and *Thompson* being a surety, he cannot avoid the bond for duress as to *Lawrence*, and the case of *Huscombe* v. *Standing*, (*Cro. Jac.* 187.) has been referred to in support of the position. As a general principle it cannot be controverted, that if a bond be obtained from *A.* and *B.* by duress against *A.*, *B.* cannot plead the duress against *A.* to invalidate the bond as against him. This, however, is applicable to cases depending on common law principles, and where there is no statutory provision interposed. Sheriffs can take no bond or other security, in matters relating to the execution of their offices, but only to themselves, and by the name of their office, with such conditions as the law prescribes ; and any obligation taken by a sheriff in other form, by colour of his office, is declared void. (1 *N. R. L.* 423, 424.) And the act relative to gaol liberties, (1 *N. R. L.* 427.) making it the duty of sheriffs to let prisoners, on civil process,

NEW-YORK,
May, 1818.

go at large within the limits of the liberties, on giving secu-rity, is a mere modification and extension of the former act. Perhaps, as the bond here taken was in the terms prescribed by the act, it cannot be said to be void, as being taken *colore officii*. But the taking the bond was unlawful, and the con-dition itself was void. *Lawrence* could not remain a true and aithful prisoner upon executions on which the sheriff had no right or power to detain him. The bond had no more validity than if the sheriff had taken it without any execution in his hands against *Lawrence;* a condition that a man shall not plough his land, or go out of his house, being in restraint of a common right, is void. *(Bac. Abr. Oblig.* (E. 3.) ) Con-ditions in restraint of trade have been adjudged, repeatedly, to be void; and among other reasons, as against the public good, by depriving the party of his means of livelihood. *(Bacon,* tit. Bond. (K.) )

Judgment reversed.