Jesup *vs.* Hill and others.

Where L. had been arrested on a ne exeat and had given the usual bail to the sheriff upon such arrest, and afterwards, by an agreement between him and the complainant, the ne exeat was discharged upon his executing the usual bond to answer the bill and abide the decree ; it was held, that as L. had not in his agreement reserved his right of questioning the propriety of issuing the ne exeat, he was precluded from moving that the bond be given up and cancelled upon the ground that the ne exeat was improvi-dently issued.

The giving the usual security to the sheriff upon a ne exeat does not pre-clude the defendant from applying upon the bill only, or upon the coming in of the answer, to have the writ discharged and the bond to the sheriff given up and cancelled.

But where the defendant, for his own convenience, applies to the court and gives the usual bond, without asking to reserve the right of applying to can-cel the bond, the right to raise the question as to the propriety of holding him to bail originally will be deemed to be waived.

This was an application on the part S. Lounsberry, one March 6. of the defendants, to have a bond given by him and his sureties for the performance of the decree in this cause given up and cancelled. Lounsberry had been arrested upon a ne exeat and had given bail to the sheriff. Afterwards, by agreement of the parties, the ne exeat was discharged, upon his executing the usual bond, to answer the complain-ant's bill and to abide the decree which should be made in the cause.

*L. H. Palmer,* for the complainant.

*S. Glover* for the defendant Lounsberry.

The Chancellor. As all the lands to which the con-troversy in this cause relates are within the jurisdiction of the court, the complainant, upon a bill properly framed, would probably be able to obtain the relief to which he is entitled, without the aid of a ne exeat, if he could obtain a discovery and enforce obedience to the injunction which he has obtained. It is not necessary, however, for the court to pass upon the question as to the propriety of issuing the

writ originally ; as I think the defendant has precluded himself from raising that question here, by his agreement with the adverse party. If he wished to reserve to himself that right, he should have made it a part of the agreement that the bond should be delivered up, provided the court, upon an application for that purpose, should be of opinion that the writ of ne exeat was improvidently issued.

The giving of the usual security to the sheriff, upon a ne exeat, does not preclude the defendant from applying to the court, upon the bill only, or upon the coming in of the answer, to discharge the writ and to have the bond to the sheriff given up and cancelled. But where the defendant for his own convenience has applied to the court and given the usual bond, to answer the bill and to render himself amenable to its process during the progress of the cause, and to abide the final decree, without asking to reserve the right of a future application to cancel that bond, the right to examine the question as to the propriety of holding him to bail originally must be considered as abandoned. The execution of this bond under a voluntary agreement with the adverse party to discharge the writ of ne exeat upon the giving of such a bond, must, for the same reason, be considered as having the like effect. Where the defendant is in custody, and wishes to be discharged upon giving the usual bond before he has an opportunity to move to discharge the ne exeat upon the merits, he should state the facts in his application to the court, and ask permission to give such bond, to relieve himself from imprisonment, without prejudice to his rights.

Motion denied with costs.