## HYNSON ET AL. vs. DUNN.

In debt on a bond, the general plea of fraud is bad upon principle, and by statute—the party whose conduct is sought to be impeached, has a right to be apprised of the facts constituting the fraud—otherwise he might be taken by surprise.

If a purchaser wishes to rescind a contract of sale, he must put, or offer to put, the vendor in the same situation he was in before the delivery of the property—he will not be allowed to retain the property and protect himself against the payment of the purchase money, for want of consideration on the ground of fraud.

Where plea of fraud fails to allege that defendant returned, or offered to return, the property, it is bad; and so if there be no averment that the property was entirely worthless.

Where a vendee relies upon the warranty of title, there must be a recovery by the real owner, before an action for breach of contract can be maintained. It is in the nature of an eviction, and the pleading should show that the vendee has been lawfully deprived of the property. *Sumner vs. Gray*, 4 *Ark.* 471, affirmed.

It would be unjust to permit the vendee to enjoy the benefit of the property, and put his vendor at defiance.

This was an action of debt, determined in the Independence Circuit Court, at March term, 1843, before the Hon. Thomas Johnson, one of the circuit judges. Dunn sued Hynson and Ringgold on a bond for $400, the declaration containing but one count. Afterwards, Dunn sued upon another similar note made by the same parties for the same amount. At the return term, on motion of defendants, the two suits were consolidated. Oyer was then craved, and granted by filing the original bonds. The defendants put in three pleas; the first stating that the bonds sued on were obtained by fraud, covin, and misrepresentation; that the plaintiff falsely represented to the defendants, that a certain slave, then sold by the plaintiff to the defendant, H., was a first rate mechanic, a brick-mason and brick-layer, and by such false representation of the plaintiff, H. was induced to purchase the slave, and executed the two bonds in consideration of such purchase, and not otherwise; that the slave is not a mechanic and brick-mason and brick-layer, with an averment that the bonds were on that account void. The second was in substance that the bonds were procured by fraud, covin, and misrepresentation, and were therefore void. The third, that the bonds were executed in consideration of a slave sold by plaintiff to defendant, H., the title to the slave being warranted by plaintiff, with an averment that the plaintiff had no title whatever, and no right to sell the slave, and hence that the notes were void, because given without consideration. All the pleas concluded with a verification, and were all sworn to. The plaintiff filed one demurrer to the three pleas, assigning as causes of demurrer that the matter of the first plea was no defence at law, but peculiarly within the jurisdiction of a court of equity. 2d, the plea did not allege that the slave had been restored, or offered to be restored, to the plaintiff since the said purchase, but still remained in possession of the vendee. To the second plea, that it does not allege in what the fraud consisted—that it was general, and therefore bad. That the third plea does not allege that H. had ever been evicted of the slave, nor that any adverse claim was ever set up—nor that title is in any other person. That it is not averred whether the warranty was in writing or by parol; and that it was un-

certain and insufficient. Joinder in short; demurrer sustained, and final judgment for plaintiff. The defendants brought error.

*Fowler*, for plaintiff.

*Wm. Byers*, contra.

*By the Court*, LACY, J.   This is an action of debt, brought by the defendant in error against the plaintiffs on two writings obligatory. The defence set up is a general and special plea of fraud in the sale and delivery of a slave, and want of title in the vendor. The general plea of fraud, is unquestionably bad. Our statute is express on the subject, for it declares that "the defendant, by special plea, may impeach or go into the consideration of a writing under seal in the same manner as if such writing had not been sealed." *Rev. St. ch.* 116, *sec.* 74; and upon principle, a general plea of fraud is not good. The party, whose conduct is sought to be impeached, has an unquestionable right to be apprised of the facts which constitute the fraud; otherwise, he might be taken by surprise on the trial.

The other pleas are equally defective, as the case of *Sumner vs. Gray*, 4 *Ark. Rep.* 471, unquestionably proves. If a purchasor wishes to rescind a contract of sale, he must put the vendor or offer to put him in the same situation he was in before the delivery of the property. He will not be allowed to retain the property and protect himself against the payment of the purchase money. If he retain the property, he cannot treat the contract as void for want of consideration upon the ground of fraud. The defence set up by the plea of fraud, fails to allege that the plaintiffs in error, returned the property, or offered to return it. For this defect it was rightly adjudged insufficient. Again, it wholly fails to aver that the servant is of no value whatever. Where a vendee relies on the warranty of title, whether express or implied, there must be a recovery by the real owner, before an action can be maintained for a breach of contract. This is in the nature of an eviction, and it is necessary in such a case, for the pleading to show that the vendee had been evicted, or lawfully deprived of the use and possession of the property; and in

omitting to do this, it discloses no breach of the warranty. It would be unjust to permit the vendee to retain possession and enjoy the benefit of the property, and put his vendor at defiance. The plea of want of title in the vendor is therefore no bar to the action, and the demurrer to it, as well as to the other pleas of fraud, was properly sustained. Judgment affirmed.