JEREMIAH BENEDICT, Respondent, *v.* J. M. BRAY, GEO. R. WHITE, J. S. PARKER, and WM. W. COZZENS, Appellants.

If a justice issue an attachment, and take bond in a suit for a sum exceeding his jurisdiction, the proceedings are void, and no action lies on the bond.

An attachment bond executed after the writ has been levied, and the attachment dismissed by the plaintiff, is void.

The undertaking should precede the writ, and accompany the affidavit.

A bond taken by an officer without authority to require it, is void.

In a suit on an attachment bond, if the bond is void, the obligee cannot recover for injury sustained by the attachment.

The verdict must be confined to matters put in issue by the pleadings.

A plaintiff can only recover for such causes of action as are stated in his complaint.

APPEAL from the Eleventh Judicial District, El Dorado County. The respondent filed his complaint against the appellants and D. K. Newell, for that the plaintiff was not, at the time of the defendants bringing suit against him as thereinafter mentioned, nor had he ever been in any manner indebted to the defendants, yet the defendants, well knowing the premises, but intending to injure the plaintiff, &c., at, &c., on the 22d day of August, 1851, filed their complaint against the plaintiff in a certain justice's Court in said county, declaring that the plaintiff was indebted to them in the sum of $1000; and for the purpose of procuring a writ of attachment against the goods and chattels of the plaintiff, made oath that he was justly indebted to them in that sum;

whereupon the said justice issued a writ of attachment against so much of the goods, chattels, and effects of the plaintiff as should be sufficient to satisfy said claim, with damages and costs, directed to the sheriff, or any constable of the county, and placed the same in the hands of one of said officers; who thereupon proceeded to levy upon the property of the plaintiff, and to restrain him from the use of the same; by means whereof the plaintiff was greatly injured in his credit, and lost the benefit and use of said goods and chattels so seized; and further, that at the time of suing out said writ of attachment, the defendants bound themselves by their certain obligation executed to the plaintiff, in the penal sum of $2000, that they would prosecute their said suit against him to effect, and that in the event of failing to do so, the said sum of $2000 should be considered as forfeit; but that the defendants, though a long time had since elapsed, had not prosecuted said suit to effect, but had recently discontinued the same; and that by reason of the premises, the plaintiff had been greatly injured, and forced to expend large sums of money in providing for his defence, &c.; and had sustained damage to the amount of $2000, the amount of said bond; for which sum the plaintiff prayed judgment against the defendants; and also gave notice that one McSpaden had under his control property, &c., of the defendants. A summons was issued and served on the defendants, and also on McSpaden; but the record contains no further notice of the latter.

The defendants filed a joint answer, setting out the circumstances under which the attachment was sued out; averring their belief that the plaintiff was indebted to them for killing their stock, at the time of suing out the attachment; and denying that the plaintiff had sustained any damage, &c. The defendant Newell also filed a separate answer on oath, denying the execution of the bond.

The defendants moved to dismiss the suit on the grounds that the complaint disclosed no cause of action, and that the bond was void. It was admitted that the bond was executed on the 27th of August, 1851, after the attachment issued. The Court overruled the motion; and the defendants excepted. The cause was tried by a jury. From the docket of the justice, it appeared that the summons and attachment against the plaintiff was issued

on Saturday, the 23d of August; delivered to the constable on Sunday, the 24th; and that on Monday, the 25th, the attachment was dismissed by order of the plaintiffs in that suit. By the bond, the defendants bound themselves to the plaintiff in the sum of $2000, " conditioned as follows, to wit: said obligors are bound in the above sum to prosecute the suit now begun, &c., to its legal termination; said suit having been begun on an account for indebtedness from said Benedict to said obligors; or on failure of said prosecution to pay said Benedict all damages resulting from suing out and levying an attachment on the goods and chattels in the above-mentioned suit." The constable testified that he levied the attachment on Sunday, by seizing the plaintiff's house and stock, the plaintiff being a butcher ; and that on the same day, he arrested the plaintiff on a warrant for grand larceny, and took him before the same justice; when the plaintiff gave his property in pledge to the justice, in place of bail to answer the criminal charge. The justice placed a man in possession of the property; and on the ensuing Wednesday, informed the man that the attachment was dismissed; but he still held the property as security for the plaintiff's appearance to answer the criminal charge, which was not disposed of till the ensuing Sunday. Several witnesses estimated the plaintiff's damage, on account of his property being detained during the week, and the injury to his reputation at $2000. The defendants asked the Court to instruct the jury, 1st. That the bond, being given after the attachment was dismissed, was void. 2d. That when an officer is guilty of trespass in exceeding his authority, the plaintiff in attachment is not liable on the attachment bond unless he participated in the trespass. 3d. That if the jury believe the defendants were not aiding the officer in making the levy, they will find for the defendants. 4th. That from the time of dismissing the attachment, the defendants were released from all damages accruing from the subsequent detention of the property by the officer. 5th. That the plaintiff was entitled to no damages except those resulting immediately from the service of the attachment. The Court refused the instructions; but instead of the fifth, instructed that if the property was not released by the officer at the time the attachment was dismissed by the defendants, they were liable for its subsequent detention

by the officer; that they were liable till they redelivered the property to the plaintiff. The Court further instructed, that the plaintiff was not entitled to recover any damages growing out of the criminal proceeding. The jury found in favour of the defendant Newell; and in favour of the plaintiff against the other defendants for $2000 damages; and the Court rendered judgment accordingly, overruling a motion for a new trial. The appellants excepted.

*E. J. C. Kewen*, for the appellants.

*Janes, Noyes*, and *Barber*, for the respondent.

Justice ANDERSON delivered the opinion of the Court.—(After stating the facts.) The magistrate had no jurisdiction to the extent of the debt claimed, which was $1000. He had no authority to issue the attachment, nor to take the bond upon which the suit is brought; and that bond was taken after the dismissal of the attachment by the appellants.

The respondent exercised full authority over his property, which had been levied on under the attachment; and that on the day of the levy. He disposed of it for his convenience and legal relief, and it was so received by the magistrate; and the appellants do not appear to have held any control over it whatever. However much the respondent may have been injured in point of feeling, there does not appear to have been any legal ground upon which to rest this particular action; and no jury can be permitted to pass so entirely beyond the record as to put their finding at total variance with the declaration. That rested exclusively upon the bond; and no other cause of action is assigned. (?) The verdict evidently looks to injuries which were no further connected with the attachment than as being concurrent in point of time: and whether the appellants, or others, were the parties liable for such other damages for a different cause, it is certain that they were under no legal liability on this bond. It was inoperative; and could by no rule of law be made to take a retroactive application, under the circumstances.

The bond is the antecedent of the attachment, and accompanies in point of time the affidavit which must be made before the writ is issued. It depends for its legal effect upon the writ.

If no writ were issued, such a bond would be null and void.    It could have no effect except as connected with the attachment. They exi·t together.    The relations which the statute has established between the affidavit, the attachment, and the bond, will be found fully stated in the last volume of the statutes, p. 68 and 69, s. 121 and 122.

The justice in this case had no authority to issue an attachment, or to take such a bond founded upon it.    He was, under our statutes, totally without jurisdiction, *ratione materiæ.*    A bond exacted by an officer when he has no authority to require it is void.    Thompson *v.* Lockwood, 15 Johns. 256.    There are other authorities to the same point.

However, the attachment and levy had been vacated by the joint act of the respondent, the justice, and the sheriff.    It is obvious that the levy was disregarded from the first, and the act of vacation was on the same day, and within a few hours of the levy.    This fraction of time, in the absence of actual damages, under the circumstances, even if all the proceedings had emanated from an officer having competent jurisdiction, and the respondent, the Court, and the sheriff, had treated the process in like manner, as in this case, would have been fatal to any legal claim for recovery against the appellants.    *A fortiori,* where there was no authority, the reason for this would be much stronger.

The cause of injury must proceed out of the attachment. Where, however, that was made by the particular parties mentioned, (the respondent being the chief actor,) inoperative, and no evidence existing that the mere fact of the levy had caused actual injury, the bond having been taken without authority, and no attachment upon which to rest, nor any of its effects and consequences to relieve against, was void *ab initio,* and it would be in the face of all legal precedent and sound policy for this Court to give its sanction to a judgment founded upon such an attachment and such a bond.

Our statute has prescribed who may issue an attachment, and take the proper bond, and under what circumstances.    This must be respected.    The Court cannot change the law.    We can only administer it.    Every officer is presumed to know his duty.    If he does not, and transcends his powers, the responsibility would rest with him; and the case would have to be peculiar, and

coming within such other legal considerations as would justify this Court, before it would hold a suitor subject to share the consequences proceeding from the wrong doing of a magistrate without authority.

Upon the trial of this case the bond was not legal evidence, for the plain reason that it it was void; and the Court ought to have so ruled. Upon the face of the record, it is apparent that the Court below ought to have dismissed the suit, and saved the party from any unnecessary accumulation of costs. The Court erred in not granting the motion to dismiss.

There was also a motion for a new trial. This was refused. It ought to have been granted. It is not the province of this Court to point out the particular proceedings which ought to have been adopted. It is enough that there is no wrong for which there may not be ample redress. But we cannot pervert legal remedies. This would be a species of judicial legislation. It is a mistake to suppose that, because the statute of 1851 sets out with declaring that there shall be but one form of civil action, that therefore when a party declares upon a certain cause of injury for redress, that other causes which were concurrent and intimate with it, may, as a matter of course, either be given in evidence, or made the basis of the verdict. Justice requires that parties should be confined to that to which they are entitled within their pleadings. In this case, according to the averments in the complaint, there was no legal ground upon which to rest a verdict. It is true, that it was in evidence that the respondent had suffered injury, at the same time, from the prosecution of a charge of felony, of which he was acquitted; and if this was done upon proper proof, it gave to it force and authority in a different direction: but there was no legal rule by which it should have been allowed to connect itself with, and control the case made under the declaration. Exactly the contrary.

Our decision is, that the judgment of the Court below be reversed; and it is ordered that the case be dismissed, with costs to the respondent.