The opinion of the Court was delivered by
WaRDLaw, Ch.
This case in various stages has been frequently considered in the Courts of Law and Equity. Spears Eq. 215; 3 Strob. Eq. 192; 4 Strob. 438; 5 Rich. 386; 7 Rich. 168. And this appeal involves the question, whether the Court of Law shall be further vexed with the plaintiff’s clamor.
The Chancellor on circuit refused the plaintiff’s motion, that the bond of defendant be delivered to plaintiff, with leave to bring another suit at law thereupon. Plaintiff had instituted, with leave of this Court, one suit at law upon this bond, in which he was nonsuited, by the judgment of the Circuit Court and the Court of Appeals, because the facts proved by him were insufficient in law to authorize a recovery. Leave to prosecute his claims further on the bond- was offered to him, if he could show that he could vary substantially the case once presented and adjudged, but he did not profess that he could adduce any additional evidence.
The grounds of appeal to some extent are taken in misconception of the principles on which the Chancellor acted. He did not dispute the legal propositions, that a nonsuit is not ordinarily a bar to another action in the same right, and that a plaintiff, who has control of the instrument which is the cause of action, is not bound, as a condition precedent to renewed *257 clamor after nonsuit, to exhibit additional evidence. He merely decided, that bonds taken under the order of this Court, pending litigation, for the security of the rights of the litigants, as creatures of the Court are within its judicial control; and that they should not he employed vexatiously.
We concur in these views of the Chancellor. Such bonds are not demandable as of right by any party, and in the administration of the jurisdiction of the Court, they are granted in judicial discretion, in each case, according to its exigency, to preserve or protect the rights of the parties. The first order in this case was, that the defendant, as executor of Descou-dres, should pay into Court, before final judgment, a certain sum of money admitted to he in his hands as assets of his testator. Surely this order was administrative and discretionary, for no plaintiff can demand execution until he has obtained judgment: and the substituted order, that defendant give bonds to pay the money in his hands within ten days after the judgment of the Court of Appeals on his appeal, or render his person under -the attachment which plaintiff had issued upon the former order, must be of the same administrative and discretionary character. The bond executed in pursuance of the order, must follow the nature of the order, and be equally liable to revocation and control as the order itself. A security granted on a particular exigency, does not necessarily survive the occasion. The mode adopted by the plaintiff' for the enforcement of the former order, was an attachment against the person of defendant; probably adopted in prudent foresight, that afi.fa. would only produce the sheriff’s return of nulla tona; and the latter order secured to the plaintiff the same remedy. It was his fault or his choice to withdraw from the sheriff the process authorizing arrest of defendant’s body, and not to renew such process. The Judges of the Court of Law, to which tribunal the plaintiff was once remitted by our permission, have solemnly determined that the plaintiff could not under the circumstances of the case recover, according to the *258 law of the land; and there is no propriety in asking them for a renewed expression of their judgment on the same state of facts. It is urged by the plaintiff that a verdict of a jury is the only final determination of a cause at law, but we suppose that the maxim is still of force, ad questionem facti, non respondent judices, ad questionem legis non respondent juratores. The Judges inform us, in the last report of this case, (7 Rich. 168,) that in the existing and apparent state of facts, the plaintiff cannot get to the jury, and must be nonsuited by the Court. We look to the Judges for the establishment of doctrine, and to the jury for the finding of facts; and when we are advertised that, upon a conceded state of facts, a plaintiff cannot recover in a co-ordinate tribunal, we should violate comity and good sense in permitting a new trial, if we have the discretion to refuse the application. The motion of the plaintiff for leave to sue again, admits our discretionary control over the bond by necessary implication. This might be further demonstrated by showing our control over ne exeat bonds, by taking forthcoming bonds in substitution, and by other analogous cases, but we consider that the doctrine of the decree needs no elaborate vindication. Lattimer vs. Elgin, 4 Des. 26; Mitchell vs. Bunch, 2 Paige, 606; Jesup vs. Hill, 7 Paige, 95; McNamara vs. Dwyer, Ib. 239.
We prefer, however, the Circuit Chancellor concurring, to vacate the order, that the bond of Napier and his sureties be cancelled; and refusing the present application for new suit without showing of new evidence, to keep the obligation in the custody of the Court, to be used in an action at law, when the plaintiff may satisfy us that he can make a case in that Court substantially different from the case already determined. It is a grave thing to cancel a deed or obligation, the most solemn form of contract; and it is irregular in proceedure to order such cancellation on mere motion, without bill or petition, bringing all the parties in interest before the Court. Besides we cannot foresee, that the plaintiff may not, at some future time, present *259 for adjudication, on the instrument of contract, a very different case from that -which is adjudicated. It is within the range of possibility, that he may establish, on satisfactory evidence, that, having an attachment in the sheriff’s office against Gridiere, the latter at all times refused to render himself in pursuance of the condition of his obligation. It is a fallacious argument for defendant, that as the sheriff being witness to the bond, must be always produced by plaintiff, and as the sheriff, the best witness, has testified that there was no attachment in his office when the defendant offered to render himself, there cannot be such change of circumstances as will justify the plaintiff’s recovery on the bond. The sheriff is no better witness than any other person; and it might be that the -sheriff, when made a witness in a new suit, should acknowledge mistake in his former testimony; or that other witnesses might overthrow his testi--, mony. Whatever doubts there may be as to the right of a party to assail the general character of his own witness offered from necessity, there can be no doubt that in such case he may prove by other witnesses a state of facts differing from the testimony of the indispensable witness.
It is ordered and decreed, from caution, that the order heretofore passed, granting leave to plaintiff to sue or continue suit at law on the bond of defendant, and requiring the Master of this Court to attend the Court of Law, and produce the bond, be recalled as to any further proceeding.
It is further ordered, that the order cancelling the bond of defendant and his sureties be annulled, and that said bond be retained within the custody of the Court, subject to its future order.
It is finally ordered, that the Circuit decree be modified as indicated in this judgment; and that in other particulars the decree be affirmed and the appeal dismissed.
Johnston, Dunkin and DaRGAN, CC., concurred.

Decree modified.