## KELLER VS. VOWELL.

A plea, that the note sued on was procured by the covin and fraud of the plaintiff, without setting out the facts constituting the fraud, is bad on demurrer.

The defence of partial want or failure of consideration, may be interposed to a note or bond, when the facts, constituting the defence, are specially pleaded, or set out by way of recoupment, or as a bar to so much of the demand as may be thus answered. (*Wheat, use &c. vs. Dotson,* 7 *Eng.* 708.)

The defendant employed the plaintiff to purchase an improvement upon the public land; the plaintiff made the purchase, but fraudulently represented to the defendant, that he gave for the improvement, $100 more than its actual cost; the defendant gave his note, the one sued on, to the plaintiff, for a balance due him on the purchase, including the $100 so falsely represented to have been given for the improvement: HELD, That there was a partial want of consideration to that amount, of which the defendant could take advantage by plea.

*Appeal from Poinsett Circuit Court.*

The Hon. GEORGE W. BEAZLEY, Circuit Judge.

CUMMINS, for the appellant.

W. BYERS, for the appellee.

Mr. Justice HANLY delivered the opinion of the Court.

This was a petition in debt, on a promissory note, for the sum of $170, brought by the appellee against the appellant, in the Poinsett Circuit Court, to the October term, 1855.

The appellant, at the return term of the writ, appeared and craved oyer of the note, and interposed three pleas in bar of the action, *to wit :*

1. That the note was procured by the covin and fraud of the appellee, and not otherwise.

2. That as to $100, part of the note, the appellant employed

appellee to purchase an improvement on the public lands, from one Rickles, on his, appellants' account, appellant giving him at the time $50, to be applied by him to the payment for the improvement, and was to pay whatever additional amount appellee had to pay therefor. This purchase, appellee accordingly made for appellant, and fraudulently represented that he had given, or paid for said improvement, the sum of $220, or $170 over and above the amount, $50, advanced by the appellant, to contribute to the payment, when, in truth and in fact, the appellee only gave $120 for said improvement, or $70 more than the appellant had advanced. The plea further averring, that, relying upon the false and fraudulent representations, he gave his note, the one sued on, to the appellee for the said sum of $170, when it should not have been for but $70, being $100 more than it should have been, for which there was no consideration whatever.

3. This plea is, in effect, like the *second* one, which we have stated.

The three pleas were regularly sworn to by the appellant.

The appellee demurred to all three of these pleas, setting down as causes:

To 1*st plea:* That it did not set out the facts constituting the fraud.

To 2*d and* 3*d pleas:* 1st. That they only went to *part* of the consideration.

2d. That they set up matter cognizable in a court of equity.

3d. Because the pleas do not disclose any legal duty, on the part of the appellee, to represent the fact in regard to the true price paid for the improvement.

The demurrer was sustained to all three of the pleas: to which appellant excepted, and refused to plead over, and final judgment was rendered for the appellee: from which appellant appealed.

The questions before this court upon the transcript, are, as to the sufficiency of the three pleas, above stated, which we will proceed to consider and determine in their order.

1. It is admitted by the counsel for the appellant, that this plea is clearly bad, and that the demurrer was properly sustained thereto, by the court below. We do not, therefore, propose to consider the plea further. See *Hynson et al. vs. Dunn*, 5 *Ark. Rep.* 395.

2. and 3. By reference to our statement of these pleas, it will be observed, that they do not profess to answer the declaration, except as to $100, for which they allege there was no considera-tion superinducing the execution of the note to that amount, stating in a very clear and succinct form, the circumstances under which the note in question was made, and the facts show-ing and indicating the want of consideration as to the amount of $100, embraced in the note. The gravamen of the pleas is the fraud of the appellee, by which the appellant was induced to give to him his note for $100 more than he owed. The pleas assert, that the appellee assured the appellant, that he had paid Rickles $220 for the improvement bought on account of the ap-pellant; when, in truth and in fact, he only gave Rickles $120 for the improvement, of which amount he had paid appellee $50 in cash, at the time he engaged him to make the purchase, and averring that the note given should have only been for $70, in-stead of $170, the amount of the note sued on.

In *Wheat, use &c. vs. Dotson*, 7 *Eng.* 708, this court, by SCOTT, Judge, (quoting from *Withers vs. Green*, 9 *How. U. S. Rep.* 226,) said: "It would seem, then, to be fairly deducible from the reasoning of the English Judges, from the case of *Barton vs. Butler*, in 7 *East*, decided in 1806, to that of *Poulton vs. Lat-timore*, 9 *Barn. & Cres.*, ruled in 1829, that this defence, (allu-ding to the defence of a partial failure or want of consideration by *recoupment*,) would, by those judges themselves, be deemed permissible, whenever it could be alleged without danger of sur-prise, and consistently with safety to the rights of the parties: and it appears to be a deduction equally regular, that when no-tice of the defence was given, either by pleading or by other effectual proceeding, neither surprise nor any other invasion of

the rights of the parties could occur or be reasonably appre-
hended. But, however the rule laid down by the English courts
should be understood, it has been repeatedly decided by learned
and able judges, in our own country, when acting, too, not in
virtue of a statutory license or provision, but upon principles of
justice and convenience, and with the view of preventing litiga-
tion and expense, that, where fraud has occurred in obtaining,
or in the performance of contracts, or where there has been a
failure of consideration, total or partial, or a breach of warranty,
fraudulent or otherwise, all or any of these facts may be relied
on in defence by a party, when sued upon such contract: and
that he shall not be driven to assert them, either for protection,
or as a ground for compensation in a cross action."

The same principles promulgated and established in this State,
by this court, in the case of *Wheat, use &c. vs. Dotson*, have been
not only acquiesced in, but reiterated by repeated adjudications
since the decision in that case. So that it may be regarded now,
as the settled and permanent law of this State, that the defence
of partial want, or failure of consideration, may be interposed to
a note or bond, when the facts constituting the defence, are spe-
cially pleaded or set out by way of *recoupment*, or as a bar to so
much of the demand as may be thus answered. There can be
no question or doubt of the propriety and expediency of this rule,
saying nothing of its subserviency to "common justice, common
consent, and common convenience."

It seems to be conceded by the appellee, that the facts set up
in the 2d and 3d pleas of the appellant, would be sufficient to
sustain an action, on the part of the appellant, against the ap-
pellee, or else entitle him to relief in a court of equity. The
admission of this is conclusive as to the sufficiency of the pleas,
in accordance with the principles determined in the cases to
which we have before referred: for the reason of the rule, in
allowing the defence of a partial failure of the consideration of
a note or bond, is to avoid and prevent the necessity of a circuity
of actions, and the inconvenience and expense incident to mul-

tiplied litigation. In other words, it is the assumption, on the part of the courts of law, of special equity jurisdiction, for those reasons which we have just mentioned.

Viewing the facts set up in the two pleas we are considering, as a good defence to the action on the note, to the amount of one hundred dollars, the court below should have overruled the demurrer as to those pleas. Not having done so, the judgment of the Poinsett Circuit Court is reversed, and the cause remanded, with instructions to the court to overrule the demurrer as to the 2d and 3d pleas of the appellant.

Let the judgment be reversed at the cost of the appellee.

Absent, Mr. Justice SCOTT.