Lawrence, J.
The motion to vacate the writ of ne exeat issued in this case should, I think, be granted, for these reasons: 1st. The preponderance of proof is to the effect that Hyde was not a member of either of the firms which are alleged, in the affidavits on which the writ was obtained, to be indebted to the late firm of Merry weather & Co.," of which the plaintiff is the receiver. 2nd. It is an inflexible rule that to entitle a complainant to the writ of ne exeat there must be a present debt or duty or some existing right to relief against the defendant or his property, either at law or in equity (2 Wait’s Pr. 274, and cases cited). In this case the weight of the testimony is that the defendant is not a member of the firms alleged to be indebted to the receiver. 3rd. As a general rule the writ does not issue except in cases of equitable demands, and is not allowed on a merely legal claim (2 Wait’s Pr. 273). The claim in this case is an ordinary legal claim, arising out of an ordinary commercial transaction. 4th. The papers before me «do not appear to show what security the defendant has given, if he has given any at all, bringing the case within the rule as to waiver, as stated by the chancellor in Jesup v. Hill (7 Paige, 95). I do not feel constrained, therefore, to hold that the defendant has done anything which amounts to a waiver of his right to move to vacate the writ. It *201 should be vacated for the reasons above stated, but the defendant must stipulate not to sue for false imprisonment or arrest.