HAZARD. and others *v.* GRISWOLD.

*(Circuit Court, D. Rhode Island.   August 4, 1884.)*

1. PLEADING—FRAUD.
   A mere allegation of fraud in general terms, without stating the facts upon which the charge rests, is insufficient.
2. BOND TO PERFORM DECREE—BREACH — NEGLECT TO READ BEFORE SIGNING.
   A person capable of reading and understanding an instrument which he signs, is bound in law to know the contents thereof, unless prevented by some fraudulent device, such as the substitution of one instrument for another.
3. SAME—PLEA TO JURISDICTION.
   In an action for breach of a bond given in a suit in equity brought by a stockholder in behalf of himself and other stockholders, the obligors cannot defeat the action by pleading that the court had no jurisdiction of the suit in equity because the bill failed to allege that the corporation had been requested and had refused to bring the suit, the record made part of the plea showing that the defendant was personally served and appeared in such suit.
4. BOND—DURESS—SURETY.
   Duress at common law, when no statute is violated, is a personal defense that can only be set up by the person subjected to the duress, and duress to the principal upon a bond will not avoid the obligation of the surety; at least, unless the surety, at the time of executing the obligation, is ignorant of the circumstances which made it voidable by the principal.
5. SAME—RELEASE BEFORE BREACH.
   A release by the receiver of a corporation, appointed in Pennsylvania, is not a good ground for defense in an action brought for a breach, which consisted in the non-performance of a decree afterwards passed by the supreme court of Rhode Island.

Action of Debt on Bond.
*Edwin Metcalf,* for plaintiffs.
*Saml. R. Honey* and *Arnold Greene,* for defendant.
Before GRAY and COLT, JJ.
GRAY, Justice.   This is an action of debt, commenced in the supreme court of the state of Rhode Island, on March 3, 1883, by four citizens of Rhode Island against a citizen of New York, on a bond dated

August 24, 1868, and executed by Thomas C. Durant as principal, and the defendant and S. Dexter Bradford as sureties, binding them jointly and severally to the plaintiffs in the sum of $53,735, the condition of which is that Durant "shall on his part abide and perform the orders and decrees of the supreme court of the state of Rhode Island in the suit in equity of Isaac P. Hazard and others against Thomas C. Durant and others, now pending in said court within and for the county of Newport."

The breach assigned in the declaration is that Durant has not performed a decree by which that court, on December 2, 1882, ordered him to pay into its registry the sum of $16,071,659.97.

After oyer prayed and granted, the defendant filed 10 pleas in bar, and the case was removed on his petition into this court, where the plaintiffs have filed special demurrers to five of the pleas, which have now been argued and will be considered in their order.

The second plea alleges that the supposed writing obligatory "was obtained from the said defendant by the said plaintiffs, and others in collusion with them, by fraud, covin, and misrepresentation, and that the said writing was executed in confidence of such misrepresentations." The demurrer to this plea assigns for cause that the defendant therein "nowhere sets forth any instance of or facts constituting fraud or covin, nor does he set forth the misrepresentations by which said writing obligatory is alleged to have been obtained." This plea is drawn in accordance with the rules and forms given in 1 Chit. Pl. (7th Eng. and 16th Amer. Ed.) 564, 608, and 2 Chit. Pl. 393. But the only authorities which Mr. Chitty cites are the early precedents of *Wimbish* v. *Tailbois*, 1 Plow. 38*a*, 54*a*, and *Tresham's Case*, 9 9 Rep. 107*b*, 110*a*, in which it is said "covin is so secret, whereof by intendment another man cannot have knowledge;" and the *obiter dictum* of Lord ELLENBOROUGH in *Hill* v. *Montagu*, 2 Maule & S. 377, 378, that "fraud and covin usually consist of a multiplicity of circumstances, and therefore it might be inconvenient to require them to be particularly set forth." Both these reasons find a conclusive answer in the clear and emphatic statement of Mr. Justice BULLER, that by every rule of pleading "wherever one person charges another with fraud, he must know the particular instances on which his charge is founded, and therefore ought to disclose them. The rule in pleading is this: that wherever a subject comprehends multiplicity of matters, to avoid perplexity, generality of pleading is allowed, as a bond to return *all* writs, etc. But if there be anything specific in the subject, though consisting of a number of acts, they must be all enumerated." *J'Anson* v. *Stuart*, 1 Term R. 748, 753. And by the weight of modern authority, English and American, it is well settled that at law, as in equity, a mere allegation of fraud in general terms, without stating the facts on which the charge rests, is insufficient. Lord Chancellor SELBOURNE, Lord HATHERLEY, and Lord BLACKBURN, in *Wallingford* v. *Mutual Soc.* 5 App. Cas. 685, 697, 701,

709; *Service* v. *Heermance*, 2 Johns. 96; *Brereton* v. *Hull*, 1 Denio, 75; *Weld* v. *Locke*, 18 N. H. 141; *Bell* v. *Lamprey*, 52 N. H. 41; *Phillips* v. *Potter*, 7 R. I. 289, 300; *Sterling* v. *Mercantile Ins. Co.* 32 Pa. St. 75; *Giles* v. *Williams*, 3 Ala. 316; *Hynson* v. *Dunn*, 5 Ark. 395; *Hale* v. *West Virginia Co.* 11 W. Va. 229; *Capuro* v. *Builders' Ins. Co.* 39 Cal. 123; *Cole* v. *Joliet Opera House*, 79 Ill. 96.

The third plea (relying upon the distinction affirmed in *Griswold, Pet'r,* 13 R. I. 125, to exist between a bond to "abide and perform" and a bond to "abide" a decree) alleges that the "said writing was obtained from the said defendant by the plaintiffs, and by others in collusion with them, by fraud, covin, and misrepresentation; that is to say, that heretofore the said Thomas C. Durant was arrested on a writ of *ne exeat*, issued from the supreme court of the state of Rhode Island, in a suit in equity, wherein one Isaac P. Hazard was complainant, and the said Durant and others respondents, which suit is the suit in equity mentioned in the condition to said supposed writing obligatory; and that the plaintiffs, with other persons colluding with them and assisting them as their agents and attorneys, procured the signature of the defendant to said supposed writing obligatory, representing to him that said writing was a bail-bond, and a bond conditioned that said Durant should abide the orders and decrees of the said supreme court in said cause; and that the defendant signed and sealed said writing, relying upon and believing such representations made by the plaintiffs, and such other persons colluding with them and assisting them as their agents and attorneys, all which representations were untrue and false, and by means of said misrepresentations the defendant, in confidence thereof, signed and sealed said writing." For causes of demurrer to this plea, the plaintiffs have assigned that the defendant does not allege therein that he is an illiterate or a blind person, and that upon his request to have the writing read to him it was falsely read, nor that he had not himself read it, nor that he was ignorant of its contents, nor that his signature to it was obtained by the fraudulent substitution of it for another instrument, which it was his intention to execute as surety, nor any other facts showing that he did not in fact know and was not bound in law to know its legal tenor and effect, or which would entitle him to rely upon the alleged representations of the plaintiffs and their agents and attorneys. This plea is clearly insufficient, for the reasons assigned in the demurrer. A person, capable of reading and understanding an instrument which he signs, is bound in law to know the contents thereof, unless prevented by some fraudulent device, such as the fraudulent substitution of one instrument for another. This plea does not aver any fact to excuse or justify the defendant in relying upon the representations alleged to have been made in behalf of the plaintiffs. *Thoroughgood's Case,* 2 Rep. 9; *Anon.* Skin. 159; *Maine Ins. Co.* v. *Hodgkins,* 66 Me. 109; *Seeright* v. *Fletcher.* 6 Blackf. 380; *Hawkins* v. *Hawkins,* 50 Cal. 558.

The fourth plea, of which a copy of the bill and record in the suit in equity in the supreme court of Rhode Island, mentioned in the bond sued on, is made part, alleges that it appears from an inspection of that bill and record that that court had no jurisdiction of the bill, or of the matter therein set forth, and that there was nothing alleged in the bill upon which that court could make any valid order or decree whatever, except to dismiss the bill, and that no decree had been made in the suit which the defendant could be lawfully called upon to abide and perform. This plea is demurred to, on the ground that it nowhere alleges that that court had not jurisdiction of that suit by reason of Durant's appearing therein as defendant or submitting himself to the jurisdiction of the court, or that that court had not jurisdiction of the suit and of Durant, or that its orders and decrees therein were not valid and binding upon him. The record of that suit shows that personal service was made on Durant within the jurisdiction of the court, and that he appeared in the suit. The bond, so far as this plea shows, was voluntarily given by Durant, and by the defendant as his surety. The only ground, appearing on the record or suggested in argument, for impugning the jurisdiction of the court, is that the bill, which was filed by Hazard, in behalf of himself and other stockholders in the Credit Mobilier of America, to charge Durant with certain funds of that corporation, did not contain sufficient allegations that the corporation had been requested and had refused to bring suit against Durant, to support a bill in behalf of the stockholders, within the rule established by the supreme court of the United States in *Hawes* v. *Oakland*, 104 U. S. 450. But the supreme court of Rhode Island is a court of general equity jurisdiction, and as such entertained that suit. Pub. St. R. I. *c.* 192, § 8; *Hazard* v. *Durant*, 11 R. I. 195, and 14 R. I. ——. The defect suggested is not want of jurisdiction over the whole subject, but incompleteness in the statement of the facts required to justify the stockholders in invoking the exercise of that jurisdiction. Such a defect or informality cannot be availed of by either of the obligors to defeat an action upon the bond; and whether want of jurisdiction of the former suit on any ground could be set up in defense of this action need not be considered. *Jesup* v. *Hill*, 7 Paige, 95; *Griswold, Pet'r, ubi supra.*

The fifth plea alleges that Durant, at the time and place of the making of the supposed writing obligatory, "was unlawfully imprisoned by the said plaintiffs and others in collusion with them, and then and there detained in prison, until, by the force and duress of imprisonment of him, the said Thomas C. Durant, he, with the said defendant as surety, made the said writing, signed and sealed and delivered the same to the said plaintiffs as their deed." To this plea the plaintiffs have demurred, because it does not allege that the writing was executed by the defendant under force and duress of imprisonment of himself, nor that he did not voluntarily execute it as surety with knowledge that it was executed by Durant as principal

under force and duress of imprisonment, as alleged in the plea. This plea does not set forth facts enough to make out a defense. Duress at common law, where no statute is violated, is a personal defense, which can only be set up by the person subjected to the duress; and duress to the principal will not avoid the obligation of a surety; at least, unless the surety, at the time of executing the obligation, is ignorant of the circumstances which render it voidable by the principal. *Thompson* v. *Lockwood,* 15 Johns. 256; *Fisher* v. *Shattuck,* 17 Pick. 252; *Robinson* v. *Gould,* 11 Cush. 55; *Bowman* v. *Hiller,* 130 Mass. 153; *Harris* v. *Carmody,* 131 Mass. 51; *Griffith* v. *Sitgreaves,* 90 Pa. St. 161. The case of *Hawes* v. *Marchant,* 1 Curtis, 136, in this court, was not a case of duress at common law, but of oppression by the illegal exercise of official power in excess of statute authority, and was decided upon that ground.

The seventh plea, setting up a release executed to Durant in 1881 by a receiver of the corporation appointed in Pennsylvania, is clearly bad, because that release was executed a year before the decree of the supreme court of Rhode Island, the non-performance of which is the breach alleged in the declaration. The release, if it had any legal effect, could only be availed of by pleading it in that court before the decree. *Biddle* v. *Wilkins,* 1 Pet. 686.

Demurrers sustained.