JOSHUA J. MOORE, plaintiff in error, *vs.* GEORGE W. LITTLE, *et al.*, administrators of the estate of Robert E. Little, deceased, defendants in error.

*Error to Peoria.*

| 11 | 549 |
| --- | --- |
| 102a | 574 |
| 11 | 549 |
| 201 | 22 |

It is erroneous to proceed to the trial of issues of fact, while questions of law, arising upon a demurrer, remain undetermined.

This was an action of assumpsit, heard before Mr. Justice Caton and a jury, at June term, 1848, of the Peoria Circuit Court, and judgment was rendered for defendants in error for the sum of $ 131 04. The defendant below brings the case to this Court, and assigns for error that the Circuit Court erred in rendering judgment while there was an issue of law pending in said cause.

J. MANNING, for plaintiff in error.

O. PETERS, for defendants in error.

Opinion by TREAT, C. J.:

The record discloses this state of case. The declaration was on a promissory note. The defendant filed six pleas, on five of which issues of fact were formed. There was a demurrer and

joinder in demurrer to a replication to the other plea. The issues of fact were then submitted to a jury, and the trial resulted in a verdict and judgment for the plaintiffs. It does not appear that any disposition was ever made of the demurrer. On this showing of the record, the judgment cannot be sustained. The questions of law arising on the demurrer should have been decided before proceeding to a trial of the issues of fact. This principle has been settled by numerous decisions of this Court. Nye vs. Wright, 2 Scammon, 222; Bradshaw vs. Hoblett, 4 ibid, 53; Steelman vs. Watson, 5 Gilman, 249. There is nothing on the face of the record to authorize the conclusion that the defendant abandoned his plea, or waived his right to a decision of the demurrer.

Let the judgment of the Circuit Court be reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*