JOHN D. RICHESON, Plaintiff in Error, *v.* EBENEZER Z. RYAN et al., Assignees of the Bank of Illinois, Defendants in Error.

## ERROR TO GALLATIN.

Where pleas are filed, and not in any way disposed of, it is erroneous to proceed to trial upon other pleas and issues.

The survivor of several trustees may maintain a suit in his name, whether he can or not go on alone to execute all the duties and powers of the trust.

N. L. FREEMAN, for plaintiff in error.

W. THOMAS, for defendant in error.

SCATES, J.   There were several pleas filed upon which no issue was taken, nor was there any disposition made, or notice taken of them, but the parties proceeded to trial upon other pleas and issues.   This has repeatedly been held to be erroneous.   Nye *v.* Wright, 2 Scam. 222; Bradshaw *v.* Hoblett, 4 Scam. 53; Steelman *v.* Watson et al. 5 Gilman, 249; and Moore *v.* Little et al. 11 Ill. 549.

It is unnecessary to aver an acceptance of the act of the legislature putting the bank into liquidation, as provided in the act, for all these preliminary steps will be presumed, where the contract sued on, as in this case, was made with the assignees, and the promises were to them.

The note was given to Caldwell and Ryan, assignees, and payable to Caldwell or his successor.   The suit was instituted by both; but Caldwell afterwards died, and it is here objected that the trust does not survive so as to enable Ryan to act and sue alone.   Without determining the extent of the rights and powers which may or may not survive to one or more of the trustees, under the liquidation act, (Laws of 1842, 246, 247, §§ 3, 5, 6, 8, 9, and 13,) we can see no valid objection to the use of Ryan's name alone in prosecuting this suit to a final conclusion.   For although the survivor or survivors in case of a vacancy might fill it, or the governor, if they should neglect or refuse to do so, (Acts of 1845, 248, § 9); yet another act, (R. L. 1845, 44, § 9), provides that the death of one or more plaintiffs will not abate a cause of action which survives to the survivor.

It surely cannot be contended, that this cause of action is abated and lost.   The contract was with Caldwell and Ryan,

and like other contracts should be sued by the promisees or the survivor; but it may be also true that Caldwell's successor, when appointed, might have the control, or an equal voice in the control of the suit, although not a party upon the record. The analogy is not unfamiliar, in cases where one of two plaintiffs dies, his executor or administrator is not substituted. The statute (R. L. 1845, 44, § 11,) has expressly provided for the case of a sole plaintiff suing in the character of a public officer or a trustee, that if the cause of action survive, the successor shall be substituted. But here the parties to the contract are not all dead; one survives in whom the legal title subsists, and by every principle and analogy in such cases, the suit may be maintained in his name, whether he can or not go on alone to execute all the duties and powers of the trust.

The principle laid down in Peter *v.* Beverly, 10 Peters' Rep. 563; Hertell *v.* Van Buren, 3 Ed's Ch. R. 22; Sinclair *v.* Jackson, 8 Cow. R. 582; and Osgood *v.* Franklin, 2 John. Ch. R. 20, is in harmony with the principle here laid down. The former deduces, from the English authorities, the rule to be "that a mere direction in a will, to the executors to sell land, without any words vesting in them an interest in the land, or creating a trust, will be only a naked power, which does not survive;" but when third persons have an interest in the thing to be done, the power survives. In Hertell *v.* Van Buren, the court takes a distinction between executors and administrators, and other trustees, admitting that the former may act alone, unless restrained by will; but that the latter cannot. Still, none of these distinctions will support the objection taken here, which, if good, would possibly destroy the trust itself, unless, indeed, it could be preserved by construing the 13th section of the act of 1845, as not only vesting in the successor, when appointed, " all the right, title, and interest in and to all the property, estate, right, and credits embraced in said assignment" (of the bank to the assignees) " or accruing by virtue thereof," but also the legal title in notes renewed direct to the prior assignees, and so as to make him a necessary party without an assignment. This view of the question would reach too far, as it would make the assignees of the Alton, Jacksonville, and Pekin branches, necessary parties to suits on notes of the mother bank and Lawrenceville branch. This is inadmissible, as the act separated them.

*Judgment reversed.*