## SAMUEL F. HOPKINS
### *v.*
## HANNAH J. A. WOODWARD.

1.  PLEADING — *plea of fraud in obtaining judgment sued on.* In an action upon the record of a judgment, a plea that the judgment sued on was had and obtained by fraud and covin of the plaintiff, and with the intent to defraud the defendant out of the sum of money in the declaration mentioned, is bad in not setting out the facts in which the fraud and covin consisted.

2.  PRACTICE — *trial without deciding demurrer.* Where the court proceeded to the trial of a case upon the issues of fact formed without deciding a demurrer to a plea, there being no joinder in demurrer, and it appearing that the plea would have been adjudged bad, had the demurrer been decided, it was *held* that the irregularity was not such as to authorize a reversal, the defendant not having placed himself in a position to demand a decision on the demurrer.

3.  SAME — *copy of instrument sued on.* The failure to file a copy of a record sued on, with the declaration, is no ground for dismissing the suit, but only for a continuance.

4.  The denial of a motion for a rule on the plaintiff to file a copy of the instrument sued on, will be cured by the filing of such copy at a subsequent term and before the trial.

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of debt, brought by Hannah J. A. Woodward against Samuel F. Hopkins.

Mr. R. L. DIVINE, for the plaintiff in error.

Mr. CHARLES KELLUM, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the De Kalb circuit court, on the record of a judgment alleged to have been rendered in favor of the plaintiff and against the defendant, by the supreme judicial court of the State of New Hampshire, held in and for the county of Cheshire, in that State.

The defendant, at the return term of the *alias* summons, entered his motion to dismiss the cause for want of a copy of the instrument declared on, which motion was denied and exception taken. Defendant then entered his motion for a rule on the plaintiff to file a copy of the instrument declared on, which motion was also denied, and exception taken.

Defendant then filed four pleas: 1. *Nul tiel record.* 2. Payment in full. 3. That the judgment described in the declaration was obtained by fraud. 4. Set off. On defendant's motion the cause was continued to the next term, at which term the plaintiff replied to the plea of payment, traversing the same, and demurred to the third and fourth pleas. This demurrer was sustained, and leave given defendant to amend third plea. That plea, as amended, averred that the judgment described in the declaration was had and obtained by the fraud and covin of the plaintiff, and with the intent to defraud the defendant out of the sum of money in the declaration mentioned. To this plea there was a demurrer. The cause was then continued from term to term, at the defendant's instance, to the June term, 1874, when a jury was waived by agreement, and the cause tried by the court, and judgment for the plaintiff for debt and damages.

To reverse this judgment the defendant brings the record here by writ of error, and assigns several errors, the most important of which are, in proceeding to trial and judgment without disposing of the demurrer to defendant's third plea, in overruling the motion to dismiss the suit for want of a copy of the instrument sued on, and in refusing a rule on plaintiff to file such copy.

The stress of the argument of plaintiff in error is placed on the first error above noted.

It may be admitted it was a technical error to proceed to trial, a demurrer to a plea being undisposed of, but it will be perceived there was no issue of law raised by the pleading, there being no joinder in demurrer. Cases can be found decided by this court in which it was held error to proceed to a trial under such circumstances. Other cases can be found in the same court, where it was held no error to proceed to trial when no issue of fact was made up.

Triable issues of fact had been made up in the case and submitted to the court.

In *Granger* v. *Warrington*, 3 Gilm. 306, this point was considered by the court, from which we quote: " It appears from the record that plaintiff demurred to the defendant's third amended plea, but to which the defendant did not join. It is now contended that this is error. If the defendant had joined in demurrer so as to have formed an issue of law, perhaps this would have been fatal. The defendant, however, by neglecting to join in demurrer, has not placed himself in a position to make any objection. He was in default in not presenting an issue which the court could decide."

It is said by plaintiff in error, this case has been overruled, and reference made to Wendling's Index, 102. It does not so appear. The cases referred to in the index, 14 Ill. 90 and 16 ib. 61, sustain the case and are authority on the point made. But be that as it may, we cannot avoid seeing the plea as it stands in the record, to which the demurrer was interposed, and we cannot fail to come to the conclusion that the plea would have been adjudged bad had there been a joinder in demurrer. The plea is bad in not setting out the facts in which the fraud and covin consisted. There are many fraudulent and covinous devices in human transactions, but no man, however honest he may be, can be prepared to defend against a charge so general. We are aware it has been held by a distinguished court, that such a plea so general as this is a good plea. *Sherwood* v. *Johnson*, 1

Wend. 444. But we cannot concur in this view. This court held at this term, in the case of *Beattie* v. *Nickerson*, that a replication of fraud generally to a plea of the statute of limitations, was bad in not setting out in what the fraud consisted. So in a plea of fraud and circumvention in obtaining the execution of a note, the facts constituting the fraud and circumvention must be averred. *Sims* v. *Klein*, Breese, 302. So a plea averring that the consideration of the note sued on has wholly failed, without averring wherein, is bad. *Poole* v. *Vanlandingham*, ib. 47; and so alleging a failure of consideration. *Taylor* v. *Sprinkle*, ib. 17; *Parks* v. *Holmes*, 22 Ill. 522.

The reason of the decision in these cases is not the same as in a plea of fraud and circumvention. In such cases the party should be notified by the plea of the facts he is required to meet. So in a plea of fraud and covin. In what did they consist? The plea does not inform the opposite party.

Upon the other point, it appears from the record a transcript of the New Hampshire record was filed upon the trial of this cause. But whether or not, the motion to dismiss the cause for want of a copy was properly overruled, for under the statute the want of a copy could only work a continuance.

Being of opinion the amended third plea was bad and would be so adjudged on demurrer, and admitting it was error to go to trial with the demurrer to it unnoticed, the question is, would it comport with justice to reverse the judgment and send the cause back for such an error? We think not, and must affirm the judgment.

*Judgment affirmed.*

Mr. Justice Scott, dissenting:

This action was upon the record of a judgment rendered in the supreme judicial court of New Hampshire. The pleas filed were: 1st. *Nul tiel record*, and 2d, payment in full, upon both of which pleas issue was joined. A demurrer having been sustained to the third and fourth pleas, the defendant, by leave of court, filed an amended plea in which it is averred the judgment mentioned in the declaration was had and obtained by

9—75th Ill.

fraud and covin of the plaintiff with intent to defraud defendant out of the sums of money mentioned in the declaration. To this plea plaintiff interposed a general demurrer. Without having disposed of the demurrer, at the June term, 1874, the court, without the intervention of a jury, by consent of parties, heard the evidence, and rendered judgment for the plaintiff.

This was irregular. The plea of fraud and covin practiced by the plaintiff in procuring the judgment, as averred, with intent to defraud the defendant out of the sums of money sued for, constituted an effectual bar to a recovery until it was in some appropriate way answered. This was not done. The demurrer admitted it to be true. *Richeson* v. *Ryan et al.* 15 Ill. 13; *Sammis* v. *Clark,* 17 ib. 398; *Moore* v. *Little et al.* 11 ib. 549.

It is insisted the defendant is in no position to avail of this error, because he had not joined in demurrer and thus presented an issue at law. It was not essential, in my opinion, there should be a joinder, but if it was, like the similiter to the general issue, it could be added by either party. As the plaintiff desired to move the court to action, it was her duty to present the issue for trial. The defendant, with entire safety, could rest his defense upon his plea until it was answered.

It is contended the plea is clearly bad, and on the authority of *Granger* v. *Warrington,* 3 Gilm. 306, it is insisted no good object can be accomplished by reversing this judgment and sending the case back for the court to decide on the plea which this court can see must be held bad.

Admitting the authoritativeness of that decision, I do not think this case comes within the rule there announced. It is not so clear the plea is insufficient. It is enough the plea, in substance, constitutes a defense to the action, and it need not be so formal in its statements it would not be obnoxious to a special demurrer. Fraud and covin in procuring a judgment have always been held to vitiate it, and to constitute an effectual bar to any recovery on the record. The objection taken as to the sufficiency of the plea is, it does not state in what the fraud alleged consists.

There is authority, entitled to the highest consideration, that in such a plea it is sufficient to allege fraud and covin generally, without showing such fraud specially. *Sherwood* v. *Johnson*, 1 Wend. 445.

Whether the matters in the plea are defectively stated or not, I am unwilling plaintiff should have further execution of her judgment over the solemn admission made on the record by the demurrer that it was obtained by fraud and covin.

In my opinion the judgment should be reversed and the cause remanded that the court might have opportunity to dispose of the demurrer.