96     COLE *v.* JOLIET OPERA HOUSE CO.     [Sept. T.

Opinion of the Court.

## FRANCIS F. COLE

*v.*

## THE JOLIET OPERA HOUSE COMPANY.

1. PLEADING—*a plea of fraud in obtaining a subscription should state the facts constituting the fraud.* In a suit upon a subscription to the capital stock of a company, a plea that "the company fraudulently got possession of the subscription of said defendant, and that it fraudulently obtained the signature of the defendant to the subscription by fraudulent representations, and that the company knowingly committed such fraudulent acts," without averring the facts constituting the fraud, is bad on general demurrer.

2. SUBSCRIPTIONS TO CAPITAL STOCK—*when payable in a certain time after call, subscriber should have notice of call for that length of time.* Where, by the terms of subscription to capital stock, it was to be paid in installments, within twenty days after call by the proper authorities, it seems that a subscriber is entitled to twenty days' notice of each call before he can be sued for the installment due under such call.

3. EVIDENCE—*proof as to giving notice.* In a suit for a balance due on a subscription to the capital stock of a company, which was payable twenty days after the subscriber had notice of the call for it, the only evidence that the defendant had had the twenty days' notice, was the testimony of the secretary of the company, that "notice of the several calls was sent to the defendant in every case; the notices were sent to him in every case; the secretary issued the notices of calls of installments:" *Held,* for aught that appeared from this evidence, even if it could be inferred that the defendant received the notices, they might have been sent the day before the suit was brought, and that the evidence was not sufficient to show a cause of action.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. THOMAS H. HUTCHINS, for the appellant.

Messrs. BARBER & LOGAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the June term, 1874, appellee brought an action in the Will circuit court against appellant, to recover the balance

of a subscription for capital stock in the Joliet Opera House Company. The declaration contained two special counts, to which defendant filed the plea of the general issue, and a plea that the signature of defendant was obtained to the subscription by fraud and circumvention. To the latter of these pleas plaintiff demurred, and the court sustained the demurrer, whereupon a trial was had by the court and a jury, under the general issue, resulting in a verdict in favor of plaintiff for $1477. Defendant entered a motion for a new trial, which was overruled by the court, and judgment was entered on the verdict; and defendant brings the record to this court on appeal, and assigns error.

It is first objected, that the court erred in sustaining the demurrer to the plea of fraud. It avers " that the said Opera House Company fraudulently obtained the signature of the defendant to the subscription for stock in said company by fraudulent representations, and that said company got fraudulent possession of said subscription of the said defendant, and that said company knowingly committed such fraudulent acts." The ground of demurrer urged against the plea is, that it fails to aver what false and fraudulent representations were made, or in what the fraud and circumvention consisted. It has been held that in a court of law, fraud may be given in evidence to avoid a deed, under the plea of *non est factum;* but it must be a fraud that relates to the giving of the instrument, as, if it was misread to the maker, or his signature was obtained to an instrument he did not intend to sign. *Taylor* v. *King,* 6 Munf. 358; *Dorr* v. *Munsell,* 13 Johns. R. 430; *Franchot* v. *Leach,* 5 Cow. 506.

The statute has likewise permitted the maker of a note to plead that it was obtained by fraud or circumvention, whether in the hands of the payee or an assignee, but the manner in which the plea is to be framed is left to be determined by the common law rules of pleading.

In *Hopkins* v. *Woodward,* 75 Ill. 62, a general plea of fraud of this character was held to be bad on general demurrer,

because it failed to aver the facts constituting the fraud. It, then, follows that this plea was bad, and the court below committed no error in sustaining the demurrer.

It is next urged, that the evidence fails to show a cause of action when the suit was brought. The subscription contained a clause, that persons subscribing for stock should pay $100 for each share taken, in installments of not more than 20 per cent, as the work progressed, and within twenty days after call by properly authorized agents, for the purpose of erecting the opera house. The calls were all properly made, and required to be paid within twenty days from the date of each of the several calls.

It is urged that the proof fails to show that notice was given to appellant twenty days after each call was made, and the same time before suit was brought, and hence there is nothing to show that appellee was entitled to sue when it did. All parties seem to concede that appellant was not bound to pay until he had twenty days' notice that the several calls had been made, and appellee, in pursuance to this requirement, proved by the secretary of the company that he gave notice to appellant. He testified that " notice of the several calls was sent to defendant in every case; the notices were sent to him in every case; the secretary issued the notices of the calls of installments." This is all the evidence we find in reference to giving notice of the several calls; and what the witness says does not, in the slightest degree, indicate when, or for what length of time, the notices were given. For aught that appears, the secretary may have sent appellant a notice of each call less than twenty days before the suit was brought. Even if he had sent the notices but the day previous, his testimony would be literally true; and appellant, being entitled by his contract to twenty days' notice before he could be called upon for payment, appellee should have proved that the notice had been given for at least that length of time. From the testimony, even if it can be inferred that appellant received the notices, the language of the

witness would have to be tortured beyond its meaning to hold that he stated that appellant had received twenty days' notice before the suit was brought. It will bear no such construction, nor can any such inference be reasonably drawn from the language.

For the want of the necessary proof of notice in time, the court below should have granted a new trial, and for that error the judgment must be reversed and the cause remanded.

*Judgment reversed.*