JOHN A. FRIEDBURG *vs.* B. B. & R. KNIGHT.

A replication of fraud to a plea of release must set out the fraudulent acts relied on, that the court may determine whether they amount to fraud, and that the defendant may know on what to take issue.

TRESPASS ON THE CASE.   On demurrer to the replication.

This action was trespass on the case for injuries suffered by the plaintiff from the defendants' alleged negligence. The defendants pleaded in bar : *first*, the general issue concluding to the country,

and the plaintiff joined with a *similiter;* also, *second,* a sealed release executed after the alleged cause of action arose, and before the date of the writ ; also, *third,* a general acquittance, made after the alleged cause of action arose, and before the date of the writ. To the second and third pleas the plaintiff replied as follows:

"And the plaintiff, as to the plea of the defendants .by them secondly above pleaded, says that he, the plaintiff, by reason of anything in that plea alleged, ought not to be barred from having his aforesaid action, because he says that said supposed writing of release was obtained from the plaintiff by the fraud and covin of the defendants, and this the plaintiff is ready to verify.

"And the plaintiff, as to the plea of the defendants by them thirdly above pleaded, says that he, the plaintiff, by reason of anything in that plea alleged, ought not to be barred from having his aforesaid action, because he says that said supposed receipt in full was obtained from the plaintiff by the fraud and covin of the defendants, and this the plaintiff is ready to verify."

To these replications the defendants demurred.

*December* 29, 1884. PER CURIAM. We think the replications are bad. If the plaintiff wishes to set up fraud as an answer to the pleas of a release and an acquittance, he ought to set forth the acts by which the alleged fraud was perpetrated, so that the court can judge whether they amount to fraud or not, and, if they amount to fraud, so that the defendant can know definitely what he is to take issue upon. See cases cited for defendants.[1]

*Demurrer sustained.*

*Jacob W. Mathewson,* for plaintiff.
*Arnold Green,* for defendants.

---

[1] *J'Anson* v. *Stuart,* 1 Term Rep. 748, 752, 753 ; *Wallingford* v. *Mutual Society,* L. R. 5 App. Cas. 685, 697, 701, 709 ; *Service* v. *Heermance,* 2 Johns. Rep. 96 ; *Brereton* v. *Howe,* 1 Denio, 75 ; *Weld* v. *Locke,* 18 N. H. 141 ; *Bell* v. *Lamprey,* 52 N. H. 41 ; *Sterling* v. *Mercantile Insurance Co.* 32 Pa. St. 75 ; *Hopkins* v. *Woodward,* 75 Ill. 62 ; *Cole* v. *Joliet Opera House,* 79 Ill. 96 ; *Darnell* v. *Rowland,* 30 Ind. 342 ; *Hale* v. *West Virginia Co.* 11 W. Va. 229 ; *Capuro* v. *Builders' Insurance Co.* 39 Cal. 123 ; *Hynson* v. *Dunn,* 5 Ark. 395 ; *Abraham* v. *Gray,* 14 Ark. 301 ; *Giles* v. *Williams,* 3 Ala. 316.