## Philip Weigand v. William D. Cannon, et al.

### Gen. No. 4,434.

1. FRAUD—*what plea of, must set up.* The plea of fraud in procuring the execution of a written instrument must set out the facts from which the legal conclusion of fraud is to be drawn in order that the party may be notified of the evidence he is expected to meet.

2. FRAUD—*great latitude of examination allowed where charge of, made.* Where a charge of fraud is made by way of defense to an action, great latitude is allowed in the proofs, and especially is this true in the examination of the parties charged with the fraud.

3. FRAUD—*what does not constitute.* The mere breach of a promise

*to do some act in the future will not sustain a charge of fraud, even though relied upon.*

4. COMMON COUNTS—*when sufficient.* Recovery may be had under the common counts when nothing remains to be done except the payment of money.

Action of assumpsit. Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

KIRK & JOCHEM, for appellant.

COVEY & COVEY, for appellees.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an action of assumpsit, brought by appellees against appellant in the County Court of Peoria County, to recover the contract price of a bill of goods sold to appellant by Irving Snow, a traveling salesman of appellees. A judgment was recovered for the full amount of the claim, and the defendant below appeals to this court and insists that the judgment should be reversed for the reasons hereinafter stated.

The sale was made on the first day of September, 1903, at the store of appellant in the city of Peoria. The goods sold consisted of perfumeries, talcum powder, sachet powders and various other toilet articles, together with a show case to display the goods in. The contract was partly printed and partly written, and contained a guaranty that the profits on the sale of said goods would amount to not less than $33\frac{1}{3}$ per cent. of this order per annum for three years, subject to certain conditions therein set out. The amount of this order was $159.80.

The declaration contains the common counts, to which the general issue and a special plea, alleging that the contract was obtained through false and fraudulent representations, are interposed. The special plea in substance sets up: "That on or about the first day of September, A. D. 1903, one Irving Snow, alleging himself to be the agent of a firm known as the French and American Importing Company, called at the place of business of the said defend-

ant and after displaying certain samples of soaps, perfumery and talcum powder, obtained from the said defendant his consent to purchase a quantity of toilet soap to retail at five and ten cents per bar; also a limited quantity of talcum powder to retail at ten cents per package; also a limited quantity of perfumery to retail mostly at twenty-five cents per bottle. After obtaining said defendant's consent, the said Irving Snow drew from his pocket a memorandum book, and, after making certain notations thereon, falsely and fraudulently represented to the said defendant, knowing at the time that said representations were untrue and with an intention to deceive and defraud the said defendant, that he wanted a memorandum of said purchase by the defendant for the purpose of directing him in making up his order of the said goods purchased to the said French and American Importing Company That the said memorandum was only for the purpose before stated and no other. He then falsely purported to read from said memorandum the articles which had been agreed upon by the defendant and the terms and conditions of their purchase, and falsely and fraudulently represented that this was all that the said memorandum contained. And the defendant, relying and confiding in such false and fraudulent statements of the said Irving Snow, signed said instrument as a memorandum, and for no other purpose.

That the said instrument in writing contains other and different articles, both in character and kind than those which he had agreed to purchase, and neither did the said defendant consent to the terms and conditions therein contained. That is to say, that said instrument in writing contains no soap whatever; it further contains perfumery greatly in excess both in quantity and retail price, from that agreed upon; it further contained dentifrice, form developer, nail polisher, face powder, and other toilet articles of which there has been no mention made, nor had the defendant at any time agreed to their purchase. Nor does it set forth the terms and conditions as agreed upon by the defendants, but contains other and different conditions. And this the defendant is ready to verify.

There is no dispute. that the goods were shipped as required by the contract, and the only question about which any controversy exists is with respect to the issue presented by appellant's special plea.

Appellant offered to prove on the trial that appellees' agent told him that there was a guaranty of $33\frac{1}{3}$ per cent. profits on the sale of their goods and that these profits would be secured by a gold bond which would be deposited with a banker of Peoria by appellees for appellant's benefit. This evidence was excluded by the court and this ruling is assigned as error. A plea of fraud in procuring the execution of a written instrument must set out the facts from which the legal conclusion of fraud is to be drawn, in order that the party may be notified of the evidence he is expected to meet. Hopkins v. Woodward, 75 Ill. 62; Sims v. Klein, Breese, 234; Cole v. Joliet Opera House Co., 79 Ill. 96. It is not sufficient to allege fraud generally for the purpose of assailing a transaction on that ground, but the complaining party must state in his pleading and prove on the trial the specific acts or facts relied on as establishing the fraud. Roth v. Roth, 104 Ill. 35; Langlois v. McCullom, 181 Id. 195; Newell v. Bureau County, 37 Id. 253; Smith v. Brittenham, 98 Id. 188; Monarch Brewing Co. v. Wolford, 179 Id. 252. A plea setting up one state of facts cannot be supported by proof of a different state of facts. Dwertman v. Sipe, 62 App. 115; Am. & Eng. Ency., vol. 8, p. 654 (1st ed.); Kerr on Fraud & Mistake, 382; Eyre v. Potter, 15 How. (U. S.) 42. There is nothing in appellant's special plea that would render this evidence competent as a substantive act of fraud. There was a variance between this proof and the averments of the plea. While it is true that in the trial of an issue of fraud great latitude is allowed in the proofs, and especially is this true in the cross-examination of the parties charged with the fraud, still when a party is offering proof to sustain a charge of fraud made by him, he must be held to such proofs as have some tendency to sustain his pleadings, otherwise it will be rejected as irrelevant.

Appellant finally contends that the evidence as to the gold bond is competent under the general issue, without reference to the plea of fraud, and cites Haenni v. Bleisch, 146 Ill. 262; Murphy et al. v. Murphy et al., 189 Ill. 360; and Kerr on Fraud and Mistake, 88, as sustaining this contention.    None of these authorities have any bearing upon the·point in support of which they are cited.    They all draw a distinction between a statement of a fact in the past tense and a promise to perform some act in the future, holding as to the former, that it may be fraudulent but that a promise to perform some act in the future, even though such promise is relied on and induced the contract and was made with no intention of keeping it, is merely a breach of contract and not a fraud.    Without the plea of fraud no part of the antecedent or contemporaneous conversations of the parties concerning the contract would be potent, since they are all conclusively presumed to be merged in the writing.

Appellant insists that the declaration containing merely the common counts, is not sufficient to sustain the judgment.    There is no force in this contention.    Appellees had·fully performed all the conditions necessary to entitle them to the money sued for.    Nothing remained to be done except to pay for the goods, and in such case the common counts are sufficient.    Sands v. Potter, 165 Ill. 397; Shepard v. Mills, 173 Id. 223.

There being no error in the record the judgment is affirmed.

*Affirmed.*