JOHN F. DEVINE, Admr., Appellee, *vs.* THE CHICAGO CITY
RAILWAY COMPANY, Appellant.

*Opinion filed December 15, 1908.*

1. PRACTICE—*effect where parties go to trial without plea and
with demurrer undisposed of.* Where parties to a suit at law go
to trial the same as though the case were at issue although the only
pleadings are the declaration and a general and special demurrer,
which are undisposed of and upon which no issue is joined, the
error is waived, and the objection cannot be raised for the first
time in a court of review.

2. EVIDENCE—*when sustaining an objection to a question. asked
on cross-examination is not error.* Where a witness in a personal
injury case is asked whether he did not testify differently at the
coroner's inquest and replies that he may have,—that he does not
remember,—it is not error to sustain an objection to the question
whether the matter was not fresher in his mind then than at the
time of the trial.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. ROBERT W. WRIGHT,
Judge, presiding.

This is an action for the benefit of the next of kin of
Thomas Keating to recover damages for his death, alleged
to have resulted from injuries inflicted by an employee of
appellant on one of its street cars in Chicago. On the trial
before a jury in the superior court of Cook county a ver-
dict of $1500 was found and judgment was entered there-
on against appellant. On appeal to the Appellate Court
that judgment was affirmed, and this appeal followed.

It appears from the evidence that deceased was found
by a night watchman about two o'clock on the morning of
April 29, 1905, lying unconscious on the sidewalk on Sixty-
third street, and having a wound on the right side of his
head some five inches long. He was taken to a hospital in
the patrol wagon and died about two o'clock the next after-
noon. The evidence shows that the deceased, in company

with one Casey, had been drinking to a considerable extent the afternoon of April 28, remaining in the last saloon until nearly midnight. Casey testified that at a point near State and Thirty-seventh streets they boarded a street car and stood on the rear platform of the front car; that the conductor asked for their fares, and that the witness, who was an employee of the company, showed a badge; that the deceased told the conductor that he had a badge also, but showed none. He was told he must pay fare or get off the car. This he refused to do, and after some talk the conductor pushed him off the car. Deceased immediately got back onto the running-board of the car, and this witness states that the conductor then struck the deceased on the head with something about a foot long; that the deceased sank to his knees, still holding to the car, and the conductor hit him a second time, and that then deceased fell to the street in a heap. Casey testified that the conductor then kicked and pushed him off the car, and after following it a short distance he went back to the deceased and found him just getting up and bleeding from the right side of the head. After washing Keating's head at a near-by saloon they boarded another car at Thirty-ninth street to go to Sixty-third street, where the witness went to the car barn to make an inquiry, leaving Keating sitting on the sidewalk, and when he returned to that point from the barn Keating was gone. The next time witness saw him was at the undertaker's, after his death. There was testimony by other witnesses that Casey and Keating were drunk and that the conductor hit the latter. The motorman of the car on which the deceased was when struck, stated that the conductor used a "billy" about six or eight inches long, made of leather and filled with sand. The conductor was not called as a witness.

JOHN E. KEHOE, WILLIAM J. HYNES, and WATSON J. FERRY, (JOHN R. HARRINGTON, of counsel,) for appellant.

O'DONNELL, DILLON & TOOLEN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant filed a general and special demurrer to the declaration. No issue was joined on this demurrer, and the declaration and demurrer were all the pleadings in the case. The case was called, both parties being represented by counsel, and a jury was empaneled without either party saying anything about the condition of the pleadings. The attention of the trial court does not seem to have been specifically called to this question at any time. The instructions asked do not mention it. The motion for new trial, although it sets out particularly twenty-six different reasons why a new trial should be granted, does not call attention to it, and while a formal motion for arrest of judgment appears to have been made, the record does not disclose that the court's attention was then called to this point. Apparently it was first raised in the Appellate Court. Appellant argues that this is an error that appears on the face of the record, and hence can be raised in a court of review for the first time. Conceding, for the sake of the argument, that this is true, is the error of such nature as to require the reversal of this case? It must be admitted, as was stated by Mr. Justice Breese in *Hopkins* v. *Woodward,* 75 Ill. 62, that the cases in this State on this question are not in entire harmony. This court held that where, while a demurrer is pending, general and special pleas are filed to the count demurred to, the demurrer is thereby waived and no judgment need be pronounced on it. (*Walden* v. *Gridley,* 36 Ill. 523.) Substantially to the same effect are *Davis* v. *Ransom,* 26 Ill. 100, *Edbrooke* v. *Cooper,* 79 id. 582, *Hull* v. *Johnston,* 90 id. 604, *Shreffler* v. *Nadelhoffer,* 133 id. 536, and *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100. We have also held that if the parties appear and go to trial without a plea being put in, it is such an irregularity as will be held waived and cured by the verdict un-

der the Statute of Amendments. (*Brazzle* v. *Usher*, Breese, 35.) To the same effect are *Loomis* v. *Riley*, 24 Ill. 307, *Strohm* v. *Hayes*, 70 id. 41, *Barnett* v. *Graff*, 52 id. 170, and *First Nat. Bank* v. *Miller*, 235 id. 135. It has been held it is error to render judgment by default on demurrer to one of the counts in the declaration when one of the special pleas remained undisposed of. (*Bradshaw* v. *McKinney*, 4 Scam. 54; *Steelman* v. *Watson*, 5 Gilm. 249.) It has also been held that where a demurrer remains undecided as to a part of the counts of a declaration it is erroneous to try the case and render final judgment against the defendant on the other counts. (*Bradshaw* v. *Hoblett*, 4 Scam. 53; *Weatherford* v. *Wilson*, 2 id. 253.) This court in *Nye* v. *Wright*, 2 Scam. 222, held that where the record showed that a demurrer had been filed in the court below by the defendant and the plaintiff had joined in the demurrer, it was error to proceed with the cause and submit it to a jury upon its merits without first disposing of the demurrer. The doctrine of that case has been upheld in *Moore* v. *Little*, 11 Ill. 549, and *Chapman* v. *Wright*, 20 id. 120, and substantially to the same effect are *Richeson* v. *Ryan*, 15 id. 13, and *Sammis* v. *Clark*, 17 id. 398. In *Lincoln* v. *Cook*, 2 Scam. 61, it was held that where the record stated that the court sustained the demurrer to the first plea of the defendant, and that after replication filed to certain other pleas issues were joined by agreement of parties and the cause submitted to a jury, the parties must be considered as waiving all objections to the form of the pleadings on either side. In *Parker* v. *Palmer*, 22 Ill. 489, the conflict in the decisions here under discussion was noticed, and it was there said that the court did not intend to go one particle beyond the point to which the decided cases lead, and that where there is an unanswered demurrer on record and the party filing it goes to trial by consent it will not be cause for reversal of the judgment. Again, in *Williams* v. *Baker*, 67 Ill. 238, it was held that where a de-

fendant who has demurred to a declaration consents to a trial of the case and it is tried on the merits, it amounts to a waiver of any benefit he might otherwise have had from the demurrer. Again, in *Hopkins* v. *Woodward, supra,* where the trial court proceeded to trial upon issues of fact formed without deciding a demurrer to a plea, there being no joinder in demurrer, this court, after stating that the decisions were conflicting, held that the irregularity was not such as to authorize a reversal, the defendant not having placed himself in a position to demand a decision as to the demurrer. In *Belleville Nail Mill Co.* v. *Chiles,* 78 Ill. 14, the exact situation as it appears here on the record was apparently presented, and this court held that where the parties go to trial by consent, with a demurrer to a count of the declaration undecided, it is no cause for reversal of the judgment.

Counsel for the appellant argue that some of these last cases are different from this case, because a jury was there waived. This is not true of the last case, as there the trial was by jury. Counsel in this case, as in that case, consented to go to trial.

Counsel for appellant, however, insist that the latest utterance of this court in *Jocelyn* v. *White,* 201 Ill. 16, upholds their contention, as *Nye* v. *Wright* was quoted with approval on this point. While it is true there are some expressions in that case, unnecessary for its decision, which tend to uphold appellant's contention, it is also true that on page 22 of that case this court said: "If, then, one does not waive his undisposed of demurrer by proceeding to trial without plea and without calling it up, it would seem that the court would be going very far to hold that he had waived his rights thereunder where such a demurrer was, in fact, overruled, merely because he failed to expressly give notice to the court, and to have the same entered of record, that he had elected to abide by such demurrer." It is therefore very clear that the court in that case was of

the opinion that this question could be waived by proceeding to trial without plea and without calling the demurrer up for disposition. While it may have been a technical error to proceed to trial before a jury on issues of fact without disposing of this demurrer, we think it is the better practice and in accord with the later decisions of this court to hold that such error was waived by appellant by proceeding to trial the same as if the case was at issue on the facts, and cannot be raised for the first time after verdict.

Counsel for appellant further insist that the court committed reversible error in sustaining objections to questions asked by the appellant of witness Casey. That witness was asked if he did not testify differently before the coroner than on this trial, and answered: "I may have; I don't remember." The question was then asked if the matter was not fresher in his mind then than it now is. An objection to the question was sustained. A like question was also asked in another part of his examination and the objection was sustained. The other points raised as to the questions on cross-examination of the witness were of a similar character. His testimony before the coroner on this point was afterwards introduced for the purpose of impeaching him. This witness was cross-examined at great length on all phases of his testimony. We should be inclined to hold, from an examination of the record, that the trial court allowed too much, and not too little, latitude in such cross-examination. Certainly no reversible error was committed in refusing to allow him to answer the question suggested above, or as to any others to which our attention has been called.

The appellant also insists that the court erred in refusing its nineteenth offered instruction. This instruction attempted to set up the law of self-defense as it applied to the conductor in ejecting the deceased from the car. Some of the witnesses testified that when deceased attempted to get back on the car he appeared to have his hand behind

him. The argument of the appellant is that the conductor might well have believed that Keating was attempting to draw a revolver, although there is no proof that he had a revolver on his person. The instruction in question was so drawn that if it had been given the jury might have been led to believe that the conductor could use any amount of force, even to the extent of causing death, if there were reasonable grounds for believing that there was danger of his receiving any bodily injury, however slight. This is not the law. Admitting, however, for the sake of the argument, that the instruction stated the law correctly, it was not error to refuse it, as two other instructions were given for appellant which fairly covered the rule of law as to self-defense for the conductor which might be invoked by the appellant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*